IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **LEXUS FOSTER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO.:** |
| v. | ) | |
| | ) | |
| **VULCAN INDUSTRIAL** | ) | |
| **CONTRACTORS CO., LLC,** | ) | **JURY DEMAND** |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**COMPLAINT**

**I.   INTRODUCTION**

1.   This is an action for declaratory judgment, equitable relief, and money damages, instituted to secure the protection of and to redress the deprivation of rights secured through (1) Title VII of the Act of Congress commonly known as "The Civil Rights Act of 1964," 42 U.S.C. § 2000(e) et seq., as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981a, which provides for relief against discrimination in employment on the basis of sex. The plaintiff seeks compensatory and punitive damages, and requests a jury trial pursuant to 42 U.S.C. § 1981a.

**II.   JURISDICTION AND VENUE**

2.   The unlawful employment practices and acts alleged hereinbelow were committed by the defendant within Mobile County, Alabama. Plaintiff is a resident of Mobile, Alabama. The jurisdiction of this Court is invoked pursuant to: (1) Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991; and (3) 28 U.S.C. §§ 1331 and 1343. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(g).

3. The plaintiff requests a jury trial on all issues pursuant to 42 U.S.C § 1981a.

## III. PARTIES

4. Plaintiff, Lexus Foster (hereinafter "Foster" or "Plaintiff"), is a female citizen of the United States, and a resident of Mobile County of the State of Alabama. Plaintiff was formerly employed by the Defendant.

5. Defendant, Vulcan Industrial Contractors Co., LLC, (hereinafter "Vulcan" or "Defendant"), is an employer within the meaning of 42 U.S.C. § 2000e(a) and (b) and was the employer of the Plaintiff. At all times relevant to this action Vulcan has employed at least fifteen (15) or more employees.

## IV. ADMINISTRATIVE EXHAUSTION

6. The plaintiff has satisfied all administrative prerequisites for filing suit under Title VII against Vulcan.

7. On or about May 28, 2019, the plaintiff timely filed a Charge of employment discrimination with the Equal Employment Opportunities Commission, the "EEOC" (Charge #425-2019-00865) in which she complained that Vulcan subjected her to sex discrimination.

8. Plaintiff subsequently received authorization from the EEOC to file a private action and is filing this Complaint within ninety (90) days of receiving said authorization.

## V. STATEMENT OF FACTS AND CLAIMS

9. Plaintiff is a union member of Carpenters Local 318.

10. Plaintiff initially began working for Vulcan in April 2016 on shut down/outage work and continued to work for them from time to time as the work was available.

11. In August 2018 Plaintiff was hired again by Vulcan Industrial Contractors and assigned to work as a second year apprentice Carpenter during an outage at the Alabama Power Barry Steam Plant located in Bucks, Alabama. The Plaintiff's supervision during this assignment was Superintendent Chris Smith (male); General Foreman Ricky Villafranco (male); various male Foremen; and Craft Manager Mann Peavy (male).

12. Shortly after her August 2018 placement at the Barry Steam Plant, Plaintiff began witnessing and experiencing gender discrimination towards female employees of Vulcan.

13. Within the Plaintiff' first week on the job site she was switched to assignments on different crews everyday resulting in her working for constantly changing Foreman including David Porter, Gene Weaver, Jermain Martin, Heath Lavender, Derrick Stephens, Charles Stephens, and Roy Hall.

14. This was not normal practice–typically once assigned to a work crew the employees remained on that same crew every day. Male employees were not switched from crew to crew each day as was Plaintiff.

15. Plaintiff witnessed other female employees, Lakesha Hawkins and Vanna Russell, be subjected to disparate treatment based on their gender.

16. Hawkins was removed from her crew and assigned to work in the Yard as punishment for not wearing a harness; yet multiple male employees did not wear a harness and were not punished.

17. Russell was questioned by Supervisor Chris Smith about being pregnant and was then laid off two (2) days later and replaced with new male hires.

18. As the Barry Steam Plant outage reached its end the Plaintiff was placed on the first lay-off list and worked until her lay-off date of October 30, 2018.

19. Plaintiff was later told that her Foreman at the time, Charles Stephens, commented that he got her laid off early because she would not engage in a personal relationship with him.

20. On January 9, 2019, Plaintiff was called by the Union Hall with an offer to work a two month assignment with Vulcan at the Barry Steam Plant working forty (40) hours per week with potential for overtime hours.

21. Plaintiff accepted the job and started working the assignment with Vulcan as a third year apprentice Carpenter on January 14, 2019. Her supervision during this assignment was Superintendent Chris Smith (male); General Foreman Rick Villafranco (male); and Foremans Roger Nichols (male) and Roy Hall (male).

22. Plaintiff was the only female hired in at this time.

23. Foreman Roger Nichols sent all his male workers to work in his unit; however the Plaintiff was assigned to do menial tasks in the yard under Foreman Roy Hall.

24. Four (4) days later on January 17, 2019, Plaintiff was given a lay-off slip and terminated by Chris Smith.

25. Plaintiff's lay-off slip states she was terminated due to "Reduction in Force," however Plaintiff was the only employee let go at the time.

26. Additionally, Vulcan hired in at least 5-10 employees for the Barry Steam Plant site within days of the alleged "Reduction in Force" lay-off of Plaintiff.

27. Shortly after Plaintiff's termination some of the male workers were recruited and recalled by Vulcan to come work at the Barry Steam Plant site because Vulcan needed workers at

that site.

28. Vulcan did not recall Plaintiff to work at the Barry Steam Plant site, denying her employment opportunities and work/wages.

29. Subsequent to her 2019 lay-off, Plaintiff was told that a male member of Supervision stated that Plaintiff was terminated because she was "eye candy," and that they could not keep her on any crew because they could not get production out of the male crew members because they were too busy, "looking at her [Plaintiff's] ass."

30. The plaintiff was subjected to disparate treatment on the basis of her gender, female, in the terms, conditions and benefits of her employment, including her termination and loss of employment opportunities/recall to work, as set out in detail above.

31. The unlawful conduct of the defendant as described above was done with malice and/or reckless disregard of and/or deliberate indifference to the plaintiff's rights.

32. The defendant's conduct as described above caused the plaintiff emotional distress, mental anguish, loss of enjoyment of life, inconvenience, and humiliation.

## COUNT - TITLE VII VIOLATIONS: SEXUAL DISCRIMINATION

33. The plaintiff re-alleges and incorporates by reference paragraphs 1-32 above with the same force and effect as if fully set out in specific detail hereinbelow.

34. The plaintiff was subjected to disparate treatment on the basis of her gender, female, in the terms, conditions and benefits of her employment, including her termination and denial of potential employment opportunities/recall to work, as set out in detail above.

35. Said discrimination was done maliciously, willfully, and with reckless disregard for the rights of the plaintiff.

36. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunction relief, and compensatory and punitive damages is her only means of securing adequate relief.

37. Plaintiff is now suffering, and will continue to suffer irreparable injury from defendant's unlawful conduct as set forth herein unless enjoined by this Court.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, the plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the defendant are violative of the rights of the plaintiff as secured by Title VII.

2. Grant plaintiff a permanent injunction enjoining the defendant, its agents, successors, employees, attorneys and those acting in concert with the defendant and at the defendant's request from continuing to violate Title VII.

3. Enter an Order requiring the defendant to make the plaintiff whole by awarding her the position(s) she would occupy in the absence of sex discrimination, and/or frontpay, backpay (plus interest), compensatory, punitive, and/or nominal damages.

4. The plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees and expenses.

                                                Respectfully submitted,

                                                s/ Temple D. Trueblood
                                                Temple D. Trueblood (TRUE0355)
                                                Counsel for Plaintiff

OF COUNSEL:
WIGGINS, CHILDS, QUINN & PANTAZIS, L.L.C.
The Kress Building
301 19th Street North
Birmingham, Alabama  35203
(205) 314-0500

CO-COUNSEL:
Henry Brewster (BREWH7737)
Henry Brewster, LLC
205 N. Conception Street
Mobile, AL 36603
251-338-0630

**THE PLAINTIFF DEMANDS TRIAL BY STRUCK JURY ON ALL ISSUES TRIABLE TO A JURY.**

                                                s/ Temple D. Trueblood
                                                OF COUNSEL

**Plaintiff requests this Honorable Court to serve via certified mail upon each of the named Defendants the following : Summons, Complaint.**

**Defendant's Address:**

Vulcan Industrial Contractors Co., LLC
c/o Registered Agent
Cogency Global Inc.
2 North Jackson Street, Suite 605
Montgomery, AL 36104

                                                s/ Temple D. Trueblood
                                                OF COUNSEL